FILED

2003 OCT 14  A 10: 15

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CCI, INC. ) | CIVIL ACTION NO. |
| ) | 3:00CV1860 (SRU) |
| vs. ) | |
| ) | |
| R.H. BOYD PUBLISHING CORPORATION ) | |
| ) | OCTOBER 13, 2003 |

**DEFENDANT'S REPLY MEMORANDUM TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISCLOSE ADDITIONAL EXPERT WITNESS**

In accordance with L. Rule Civ. R. 7(d), the Defendant, R.H. BOYD PUBLISHING CORPORATION (the "Defendant"), hereby replies to the Plaintiff's Memorandum of Law in Opposition to Motion to Disclose Additional Expert Witness Out of Time dated September 25, 2003 (hereafter "Memorandum in Opposition").

At the outset, the Defendant notes that the Memorandum in Opposition contains a number of gross violations of the rules of practice in this Court, which provide that "All ADR sessions shall be deemed confidential...." L. Civ. R. 16(h)(5). "Mediation provides a vital alternative to litigation. The success of mediation depends, in part, on the ability of the parties to

**ORAL ARGUMENT REQUESTED**
**NO TESTIMONY REQUIRED**

LAW OFFICES • O'BRIEN, SHAFNER, STUART, KELLY & MORRIS, P.C.
P.O. BOX 310 • NORWICH, CONNECTICUT 06360 • 860-889-3855 • FAX: 860-886-6352 • JURIS NUMBER 412176

freely and openly discuss the relevant issues. Accordingly, confidentiality is a critical component of this process." <u>Concerned Citizens of Belle Haven et al., v. The Belle Haven Club, et al</u>, 2002 WL 32124959 (D. Conn.)[citing <u>Bernard v. Galen Group, Inc.</u>, 901 F. Supp. 778, 782-84 (S.D.N.Y. 1995)(court imposed sanctions where attorney disclosed settlement offers made in mediation proceeding); <u>Cohen v. Empire Blue Cross & Blue Shield</u>, 178 F.R.D. 385 (E.D.N.Y. 1998)(court imposed sanctions where attorney violated confidentiality provisions of court-annexed mediation program)]. Plaintiff's discussion of the course of the mediation in this case [Memorandum in Opposition, pp. 2, 4-5, 6, 8, 9] is wholly inappropriate and violates L. Civ. Rule 16(h)(5).

      Plaintiff's argument that the Defendant "used the mediation process to advance its position in litigation by discovering the way in which plaintiff would defend claims of defect" [Memorandum in Opposition, p. 2] and that "the defendant had obviously used the mediation process to advance its defense in the case and that was never the intention of the plaintiff" [Memorandum in Opposition, p. 5] is disingenuous at best, as is plaintiff's statement "Allowing defendant to become educated through the process of mediation only to use the information learned there against the plaintiff would prejudice the plaintiff." [Memorandum in Opposition, p. 8]. The rules of practice in this Court clearly anticipate the use of ADR as a means of narrowing or clarifying issues if settlement is not achieved. See L.Civ.R. 16(h)(6). Neither the parties'

Stipulation for Reference to ADR dated May 28, 2002, nor the Motion to Amend Stipulation Re: Reference to ADR dated August 23, 2002, nor the Motion to Amend Stipulation Re: Reference to ADR dated November 12, 2002, nor the Motion to Amend Stipulation Re: Reference to ADR dated January 27, 2003, contains any prohibition against using the ADR process as a means of narrowing or clarifying issues for trial in the event that settlement is not achieved. The parties' Report of Parties' Planning Meeting dated July 31, 2003, expressly provides for further discovery to be done in phases in order to "focus the claim on issues that may be dispositive of the outcome of the case." In fact, the Plaintiff's most recent Notice of Deposition dated September 30, 2003, pursuant to F. R. Civ. Pro. 30(b)(6), is a direct result of the knowledge that <u>Plaintiff</u> acquired about the Defendant's defense and counterclaim during the mediation process.

Plaintiff has greatly mischaracterized the Defendant's Motion for Permission to Disclose Additional Expert Witness as an act of bad faith by the Defendant and as a means of creating "a new theory of defect." [Memorandum in Opposition, p. 10]. The Defendant, like the Plaintiff, proceeded diligently in mediation hoping to achieve settlement of this matter. The Defendant, like the Plaintiff, as a consequence of the otherwise unsuccessful mediation, has narrowed and refined its understanding of the issues between the parties. The Defendant, <u>like the Plaintiff</u>, now seeks to undertake further discovery as a consequence of its more refined understanding of the issues between the parties; it seeks to do so by disclosing an additional expert witness. The

procedural position in this case is not analagous to the situations in Eadie v. McMahon [199 F.R.D. 45 (D. Conn. 2001)] or Hyun v. South Kent School [1997 WL 597122 (D. Conn.)], upon which the Plaintiff relies [Memorandum in Opposition, p. 7]: the Defendant has not made its motion on the eve of trial (indeed, no trial date has been set); the passage of time since the date for disclosure of experts has been a period during which both parties willingly and diligently engaged in mediation that did not result in settlement; the Defendant's motion is not the result of inattention or oversight; discovery is still proceeding and is scheduled to proceed until January, 2004.

For the foregoing reasons, and as set forth in Defendant's Memorandum of Law in Support of its Motion for Permission to Disclose Additional Expert Witness, the Defendant moves this Court for permission to disclose an additional expert witness.

THE DEFENDANT

By _____
Mark B. Block, for O'Brien, Shafner,
Stuart, Kelly & Morris, P.C.
138 Main Street
Norwich, CT 06360
Phone: (860) 889-3855
Fax: (860) 886-6352
ct 06557

## CERTIFICATION

I hereby certify that a copy of the foregoing has been faxed and mailed by first-class mail, postage prepaid, on this 10 day of October, 2003, to the following:

<u>Counsel for Plaintiff</u>:

Jacques J. Parenteau, Esq.
Madsen, Prestley & Parenteau, LLC
111 Huntington Street
P.O. Box 1631
New London, CT 06320
Fax: 860-246-1794

_____
Mark E. Block
Ct 06557

Mer\Litigation\Miscellaneous\RHBoydReplyMemoLaw