UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 OCT 23  P 2: 48

CCI, INC.

v.

R.H. BOYD PUBLISHING CORP.

Civ. Action No.
3:00 CV 1860 (SRU)

## RULING ON DEFENDANT'S MOTION FOR PERMISSION TO DISCLOSE ADDITIONAL EXPERT WITNESS

This is a breach of contract case arising from an agreement for the plaintiff, CCI, Inc., to provide software, hardware and related services to the defendant, R.H. Boyd Publishing Corp. ("Boyd"). CCI claims that Boyd failed to pay CCI the full amount due for its services. Boyd counterclaims that the CCI's services were faulty and that CCI modified the software it installed for Boyd in a manner that rendered the software unreliable.

The deadline for disclosing expert witnesses was May 15, 2001. On May 21, 2001, Boyd disclosed that it intended to call Greg Talburt, an accounting software installer and consultant, as an expert witness at trial. CCI filed a motion to exclude Talburt as an expert witness; that motion was denied in December 2001. In connection with that motion, Boyd represented that Talburt would not be called on to testify about the facts of this case specifically, but rather would only testify generally about the effects of software modifications.

The deadline for the completion of discovery in this case has been extended to January 1, 2004. On August 29, 2003, Boyd filed the present motion, seeking permission to disclose an additional, unidentified expert witness. In support of its motion, Boyd notes that it has claimed "that the modifications that Plaintiff made to the MXP software included rewriting source codes of the program, and that the modifications and source code changes rendered the MXP software

incapable of operating reliably and without error." Def. Memo. at 2 (doc. # 64). "The Defendant seeks permission to disclose an expert witness on the subject of the cause of these software errors." Id. at 3-4.

CCI opposes the motion on several grounds. CCI argues that Boyd has not shown good cause for the lengthy delay in moving to disclose and additional expert. CCI also argues that "defect and error have been issues in the case all along." Pl. Memo. at 6 (doc. # 66).

Discussion

The Second Circuit has identified several factors the court should consider when ruling on a motion seeking permission to disclose an expert witness after the deadline for doing so has passed. These factors include: "the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; the possibility of a continuance; the party's explanation for the failure to comply with the discovery order; and the importance of the testimony of the precluded witness." Wolak v. Spucci, 217 F.3d 157, 161 (2d Cir. 2000), quoting Softel, Inc. v. Dragon Med. and Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir. 1997) (internal quotations omitted).

Application of these factors to the present motion demonstrate that the motion should be denied. CCI will be prejudiced if it has to meet the testimony of an additional expert at this late date. This case has been pending for over three years, and the counterclaims filed by Boyd have been pending for more than two and a half years. The counterclaims raised the very issues on which Boyd now seeks to disclose an expert. See Doc. # 33, first counterclaim at ¶ 4 (plaintiff "failed to correct operational problems with the 'MXP' software; ... "failed to deliver and install software that performed all required functions"), second counterclaim at ¶ 4 ("the 'MXP'

software failed to completely and accurately perform the required accounting functions"), third counterclaim at ¶ 8 (the software "was defective" in various ways). CCI has relied on the discovery produced to date, including the disclosure of an expert who had no opinion about any defect in the software at issue. CCI has retained and disclosed an expert of its own and has prepared this case in reliance on the opinions actually disclosed by Boyd's only expert. If an additional expert is disclosed, CCI will require additional discovery, may need to hire another expert to rebut the new expert's testimony, and will need to adjust its defense of the counterclaims.

If an additional expert is now disclosed, the present scheduling order will likely need to be extended. This is an old case, with fast approaching deadlines for completion of discovery and the filing of dispositive motions. Late disclosure of an expert will almost surely require both of those deadlines to extended yet again. In short, if disclosure is permitted it will be difficult to avoid a continuance in this case.

The most disturbing aspect of the present motion is that Boyd has offered no reasonable excuse for its delay in filing the present motion. As noted above, the issues on which Boyd now seeks to disclose an expert are fundamental to the counterclaims it filed in April 2001 – a month before the expert disclosure deadline. Boyd must have realized that its own claims required expert testimony. The suggestion that it only came to this realization during mediation lacks credibility.

The only factor that supports the granting of the motion is the importance of the proposed expert's testimony. It may well be that Boyd cannot reach the jury on at least some of its counterclaims without expert testimony. Still, the importance of the expert to Boyd's claims has

3

been apparent from the face of the counterclaims for over thirty months. In light of the length of the delay here, the importance of the testimony is not reason enough to grant the motion.

For the foregoing reasons, Boyd's motion for permission to disclose an additional expert witness (doc. # 63) is denied.

SO ORDERED this 23rd day of October 2003, at Bridgeport, Connecticut.

Stefan R. Underhill
United States District Judge