UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CCI, INC. ) | CIVIL ACTION NO. |
| ) | 3:00CV1860 (SRU) |
| vs. ) | |
| ) | |
| R.H. BOYD PUBLISHING CORPORATION ) | |
| ) | NOVEMBER 17, 2003 |

## MOTION TO QUASH NOTICE OF DEPOSITION
## AND MOTION FOR PROTECTIVE ORDER

The Defendant, R.H. Boyd Publishing Corporation, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, respectfully moves the Court to quash the document production portion of a notice of Deposition of Dr. T.B. Boyd dated October 28, 2003. In the event that Dr. Boyd is ordered to produce the requested documents, the Defendant moves for a protective order in order that such production be made under certain conditions. In support of this motion, the Defendant represents as follows:

1. The Deponent, Dr. T.B. Boyd is the President and chief executive officer of the Defendant, R.H. Boyd Publishing Corporation and is being deposed as such.

2.   The Notice of Deposition, a copy of which is attached hereto as Exhibit A, is dated October 28, 2003, for a deposition scheduled in Nashville, Tennessee on December 9, 2003.

3.   The Notice of Deposition contains a document production request that Dr. Boyd produce "Any and all personal tax returns for the 1999 and 2000 years.

4.   The named defendant in this action is the corporation of which Dr. Boyd is an officer. Dr. Boyd is NOT a defendant in his individual capacity. As this Court is well aware from prior pleadings in this matter, this case involves a year 2000 conversion of company data and damages which the Defendant corporation alleges to have suffered in its counterclaim as the result of the Plaintiff's failure of the Plaintiff to cause data to be accurately converted to the replacement software and the failure of the replacement software to accurately and properly function.

5.   What is not an issue in this case is information contained on Dr. Boyd's personal tax return. His sources of income, whether or not his personal income suffered as the result of damages to the corporation, or any other personal financial matters are not an issue in this case.

6.   The Defendant has made Dr. Boyd available for deposition on December 11, 2001, pursuant to a prior Notice of Deposition, notwithstanding that

- 2 -

the Plaintiff failed to serve Dr. Boyd, a non-party with a subpoena to compel his attendance. He voluntarily appeared on that occasion and testified as president of the company. The Plaintiff has failed to serve a subpoena on Dr. Boyd in connection with this latest Notice of Deposition, styled "Notice of Continued Deposition", but the Plaintiff has again failed to serve Dr. Boyd with a subpoena to either compel his attendance or compel the production of documents.

7.     The Defendant brings this matter to the attention of the Court, because the parties will be traveling at great cost and expense to Nashville for several days of depositions and the Defendant does not wish to engage in a dispute of the document production aspect of this matter in the midst of the deposition having become aware of the potential for a dispute well in advance of the deposition date.

8.     Rule 26(b)(1) provides that a party may obtain discovery provided the object of the document or thing to be discovered or produced is relevant to the claim or defense of the party, is not privileged and is reasonably calculated to lead to the discovery of admissible evidence. The Defendant fails to see how information contained in Dr. Boyd's personal tax return is either relevant to the Plaintiff's claim, relevant to the defense of the counterclaim, or would lead to admissible evidence.

- 3 -

The issue is the damages suffered by the Defendant corporation, which the Defendant has specified consists of: accounting fees, IRS penalties for late filing of returns, overtime labor costs, temporary labor costs, additional payroll for reconstructing company records.  Nothing contained within Dr. Boyd's personal tax return can be remotely relevant to the damages claimed to have been suffered by the company, nor lead to admissible evidence in this case.   There can be no other purpose to this request other than to harass and annoy Dr. Boyd.

**The Law**

While it is a recognized proposition that discovery under the Federal Rules of Civil Procedure are to be broadly construed, as has been noted above, the discovery request must bear upon the matters in dispute or at least may reasonably lead to other matters that could bear upon the case. Yancey v. Hooten, 180 F.R.D. 203, 207 (D. Conn. 1998), and the cases cited therein; Coppola v. Arrow Financial Services, LLC, 2002 WL 3217304 (D.Conn.) (copy attached).

The Plaintiff in this case has requested production of a particular category of document, personal tax returns.

> The decision whether to allow discovery of federal income tax returns involves a conflict between two important competing interests: the

- 4 -

taxpayer's privacy expectations and the policy favoring broad and liberal pretrial discovery.

Gattegno v. Pricewaterhousecoopers, LLP, 205 F.R.D. 70, 71 (D.Conn. 2001). Personal income tax returns are protected by a "qualified privilege". The case of Cooper v. Hallgarten & Co., 34 F.R.D. 482 (S.D.N.Y., 1964) established a test for disclosure of tax information by holding that such information should not be disclosed absent a clear showing that the information is relevant to the subject matter of the action and that the information is not available through other means. *Id.* at 484. Courts in this District have adopted this test known as the Cooper test and held that tax returns are discoverable if: "(1) it clearly appears they are relevant to the subject matter of the action or to the issues raised thereunder, and (2) there is a compelling need therefor because the information contained therein is not otherwise readily obtainable." Gattegno v. Pricewaterhousecoopers, *supra*. at 73.

## Conclusion

The Plaintiff has as yet made absolutely no showing of relevancy or that the information that the Plaintiff seeks cannot be obtained from the company itself, assuming that it is relevant at all. As yet, the Plaintiff has merely served a deposition notice requesting the documents. Absent a showing as required under

- 5 -

the Cooper test, the Defendant moves that the deposition as to the production of the tax returns be quashed. Further, in the event that this Court should order production of the documents, the Defendant requests a protective order issue such that only such information that is determined to be relevant to this action be disclosed.

The undersigned counsel hereby certifies that he has in good faith attempted to confer with Plaintiff's counsel to revolve the dispute and been unable to do so, and action by this Court is required.

                                                       THE DEFENDANT

By _____
Mark E. Block for O'Brien, Shafner,
Stuart, Kelly & Morris, P.C.
ct 06557

LAW OFFICES • O'BRIEN, SHAFNER, STUART, KELLY & MORRIS, P.C.
P.O. BOX 310 • NORWICH, CONNECTICUT 06360 • 860-889-3855 • FAX: 860-886-6352 • JURIS NUMBER 412176

### CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been faxed and mailed, postage prepaid on this __17th__ day of November 2003 to the following:

Jacques J. Parenteau, Esquire
Madsen, Prestley & Parenteau, LLC
111 Huntington Street
P. O. Box 1631
New London, CT  06320

_____
Mark E. Block for O'Brien, Shafner,
Stuart, Kelly & Morris, P.C.
ct 06557

- 7 -

F:\USERS\BEH\RHBoyd\Pleadings\Motion to Quash.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CCI, INC. | C.A. NO. 3:00 CV 1860 (SRU) |
| VS. | |
| R.H. BOYD PUBLISHING CORPORATION | OCTOBER 28, 2003 |

### NOTICE OF CONTINUED DEPOSITION

Please take notice that at 10:00 a.m. on Tuesday, December 9, 2003, and day to day thereafter until concluded, at the offices of Cleeton Davis Court Reporters, 200 4th Avenue North, Suite 825, Nashville, TN 37219, the plaintiff will take the deposition of Dr. T.B. Boyd, upon oral examination before Cleeton Davis Court Reporters, or some other officer duly authorized by law to take depositions. This deposition is being taken for the purpose of discovery or for use at trial (or both), or for such purposes as are permitted under the applicable rules and law.

FURTHERMORE, the deponent is requested to bring to the deposition the following documents for inspection and photocopying by the plaintiff:

The word "document" as used herein means:

"Document" includes, without limiting the generality of its meaning, all original (or copies where originals are unavailable) and non-identical copies (where different from original) of all written, printed, typewritten or otherwise recorded or graphic matter, however produced or reproduced, whether or not now in existence, of files, contracts, correspondence, telegrams, agreements, letters, administrative complaints, notes or sound recordings of any type of

**EXHIBIT A**

conversation, meeting or conference, minutes of directors' or committee meetings, memoranda, interoffice communications, manuals, employee handbooks, forms, catalogues, brochures, graphs, charts, studies, analyses, reports, summaries and results of investigations and tests, statements, jottings, announcements, depositions, affidavits, photographs, tape recordings, video recordings, motion pictures, reviews, statistical records, ledgers, books of accounts, vouchers, bank checks, bank statements, audit reports and other statements, purchase orders, invoices, receipts, confirmations, computer-developed, stored or produced data, e-mails, electronic data, stenographers' and/or other notebooks, desk and/or other calendars, appointment books, newspaper and/or other articles, blueprints, accounting worksheets, diaries or papers similar to any of the foregoing, however entitled, denominated or described.

If any document requested to be produced was, but is no longer in your possession or control or is no longer in existence, state whether it is: (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others, and, if so, to whom; or (4) otherwise disposed of; and in each instance, explain the circumstances surrounding and authorization for such disposition thereof and state the approximate date thereof, and state any information available to you which might be helpful in locating originals or copies of the document in question.

1.  Any and all personal tax returns for the 1999 and 2000 years.

Dated at New London, Connecticut on this 31st day of October, 2003.

                                PLAINTIFF
                                CCI, INC.

By: _____
Jacques J. Parenteau, Federal Bar No.:09771
Madsen, Prestley & Parenteau, LLC
111 Huntington Street, P.O. Box 1631
New London, CT 06320
Telephone: (860)442-2466
Facsimile: (860)447-9206
E-Mail: jparenteau@mppjustice.com
Its Attorneys

## CERTIFICATION

I hereby certify that a copy of the foregoing Notice of Deposition was mailed, certified mail, to the following counsel and pro se parties of record on this 31st day of October, 2003:

Mark E. Block, Esq.
O'Brien, Shafner, Stuart, Kelly & Morris, P.C.
P.O. Box 310
Norwich, CT 06360

_____
Jacques J. Parenteau

Slip Copy
(Cite as: 2002 WL 32173704 (D.Conn.))

Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.

Ralph COPPOLA, Plaintiff,
v.
ARROW FINANCIAL SERVICES, LLC, Defendant.

No. Civ.3:02CV577 (PCD).

Oct. 29, 2002.

*RULING ON MOTION TO COMPEL*

DORSEY, J.

*1 Plaintiff moves to compel responses to certain interrogatories and requests for production. For the reasons set forth hereon, the motion is granted in part.

I. BACKGROUND

Plaintiff alleges that defendant acquired plaintiff's debt owed to Home Depot. Defendant undertook to collect the debt from plaintiff, and in doing so violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., the Connecticut Creditor Collection Practices Act, Conn. Gen.Stat. § 36a- 645, the Connecticut Consumer Collection Agency Act, Conn. Gen.Stat. § 36a- 800 and the Connecticut Unfair Trade Practices Act, Conn. Gen.Stat. § 42- 110a. Defendant objected and refused to respond to eight interrogatories and seven requests for production, which are the subject of the present motion to compel. The details of each are set forth in the discussion.

II. DISCUSSION

Plaintiff moves to compel responses to the above requests. Defendant responds that the objections are valid and should be sustained.

The scope of permissible discovery is broad. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir.1992). Furthermore, discovery may not be had where the discovery sought is "unreasonably cumulative or duplicative," overly "burdensome ... [or] expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). An order compelling discovery may be tailored to the circumstances of the case. See Gile v. United Airlines, Inc., 95 F.3d 492, 496 (7th Cir.1996).

Interrogatory 2: Identify Ann Brown Objection: irrelevant

Defendant's objection is overruled. The collection letter signed by Ann Brown identifies her as an account executive. Defendant argues that this information suffices and it need provide no greater detail. As an identified representative of

defendant and signatory of a collection letter, Ms. Brown may have personal knowledge of defendant's collection practices or have knowledge that may lead to discoverable material. Defendant must provide her "full name, present or last known address, and ... [her] present or last known place of employment." D. CONN. L. CIV. R 39©)(3).

  Interrogatory 3: On a separate page, please set forth a plain English transcript of the "contact history," media, or credit records defendant is asked to produce herewith, including meaning of code numbers and abbreviations from top to bottom.
  *2 Objection: beyond the scope of discovery, vague, broad, burdensome and irrelevant.

  Defendant's objection to Interrogatory 3 as vague is sustained. Contrary to plaintiff's argument, this discovery request is substantially different from that in *Yancey v. Hooten*, 180 F.R.D. 203, 213 (D.Conn.1998), in which the court ordered the production of collection records and a key to codes used therein. In the present case, the phrase "contact history" is not defined in the motion papers and appears to have a meaning unique to the request as implied by the use of quotation marks. Furthermore, the phrase "English transcript" implies more is sought from defendant than a simple explanation of codes used in collection records and defendant need not guess at the specific information and applicable level of detail for the information sought.

  Interrogatory 4: Identify each consumer reporting agency (credit bureau) to which defendant reported plaintiff's debt and the dates of each such report. Objection: irrelevant

  Defendant's objection is overruled. In his complaint, plaintiff alleges that defendant violated 15 U.S.C. § 1692e, see Complaint ¶ 11, which prohibits the "use [of] any false, deceptive, or misleading representation or means in connection with the collection of any debt." Plaintiff need not refer to the specific subsection as defendant has notice of the claim. The information sought is therefore relevant to a violation of 15 U.S.C. § 1692e(8).

  Interrogatory 5: Provide an itemized calculation of the amount claimed due in your demand letters to plaintiff (interest, principal, collection charge, other components if any). Objection: overly broad, burdensome, irrelevant, confidential, proprietary and private.

  Unlike Interrogatory 3, Interrogatory 5 sufficiently defines the term "itemized calculation" in the parenthetical. Fees or costs added to an underlying debt on which collection is sought are relevant to an FDCPA claim. See 15 U.S.C. § 1692f(1). As to defendant's objection that its method of calculating the debt owed is confidential, plaintiff requests an itemized breakdown of the debt sought, not the methods through which those numbers are calculated. Defendant, as the party resisting discovery, has the burden of establishing that this commercial information is privileged and must therefore offer more than a conclusory statement that the information is confidential. See *DDS, Inc. v. Lucas Aerospace Power Transmission Corp.*, 182 F.R.D. 1, 4 (N.D.N.Y.1998). It is in no way apparent how an itemization of the component figures added onto the principal debt could be classified as a trade secret. Having failed to provide any basis in law supporting its position, defendant's objection is overruled.

  Interrogatory 6: Set forth the street address of the location at which phone number 800-279-0224 is answered. Objection: irrelevant

  Defendant's objection is overruled. Plaintiff has alleged that defendant violated 15 U.S.C. §§ 1692e, 1692f. Defendant argues that there is no allegation that it was unlicensed. Plaintiff's invocation of these sections suffices to put defendant on notice of the claim and the claims arising under those sections pertaining to unlicensed debt collection. See *Gaetano v. Payco of Wisconsin, Inc.*, 774 F.Supp. 1404, 1414 (D.Conn.1990).

  *3 Interrogatory 7: Identify the parties to the purchase and sale agreement whereby defendant acquired plaintiff's former Home Depot account. If a broker was involved, identify that entity. Objection: irrelevant, confidential, proprietary and private

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

In its answer, defendant denied plaintiff's allegation that it acquired plaintiff's Home Depot debt. As such, plaintiff is entitled to pursue discovery on the issue. Moreover, whether defendant is legally entitled to collect its debt is directly relevant to a claim under 15 U.S.C. §§ 1692e, 1692f. Defendant's claim of confidentiality, without further explanation or citation to legal authority, is not a valid basis for refusing a discovery request. See DDS, Inc. v. Lucas Aerospace Power Transmission Corp., 182 F.R.D. 1, 4 (N.D.N.Y.1998). The objection is overruled.

Interrogatory 8: Identify all assignees of plaintiffs' former Home Depot account in and since 2001. If any assignee is a trust, identify each trustee thereof. Objection: "assignee" is not defined, overly vague

Defendant objects on the ground that the term "assignee" is ambiguous. According the term its ordinary meaning in the context in which it is used, such objection is without merit. The objection is overruled.

Interrogatory 9: Describe in full each of Arrow's "several programs that will help you to absolve your obligation. (Letter 2015)" Objection: irrelevant

Defendant's objection is overruled. "[T]he use of any false, deceptive, or misleading representation in a collection letter violates § 1692e." Clomon v. Jackson, 988 F.2d 1314, 1320 (2d Cir.1993). The existence of such programs goes to the truth of the statement in the collection letter.

Request for Production 2: All manuals, procedures, and protocols used by defendant regarding communication with Home Depot regarding purchased debts. Objection: overly broad, burdensome, irrelevant, confidential, proprietary and private

Defendant's objection is overruled. See ruling on objection to Interrogatory 7.

Request for Production 3: All documents concerning indemnity agreements relating to Home Depot regarding purchased debts. Objection: overly broad, burdensome, irrelevant, confidential, proprietary and private

Defendant's objection is overruled. See ruling on objection to Interrogatory 7.

Request for Production 6: All agreements between defendant and Home Depot in effect during 2001 as to the purchase or collection of debts. Objection: overly broad, burdensome, irrelevant, confidential, proprietary and private

Defendant's objection is overruled. See ruling on objection to Interrogatory 7.

Request for Production 7: All other documents showing authorization of defendant to collect debts for Home Depot during 2001. Objection: overly broad, burdensome, irrelevant, confidential, proprietary and private

Defendant's objection is overruled. See ruling on objection to Interrogatory 7.

*4 Request for Production 10: All agreements of defendant with any entity concerning servicing or collection of the debt of plaintiff. Objection: overly broad, burdensome, irrelevant, confidential, proprietary and private, attorney client privilege, work product

Defendant's objection is overruled. See ruling on objection to Interrogatory 7.

Request for Production 13: Copies of all documents showing Arrow's "several programs that will help you to absolve your obligation." Objection: irrelevant

Defendant's objection is overruled. See ruling on objection to Interrogatory 9.

III. CONCLUSION

Plaintiff's motion to compel (Doc. 15) is granted in part. Defendant is hereby ordered to respond to Interrogatories 2, 4, 5, 6, 7, 8 and 9 and Production Requests 2, 3, 6, 7, 10, 11, and 13, compliance on or before November 18, 2002.

SO ORDERED.

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works