

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CCI, INC. ) | CIVIL ACTION NO. |
| ) | 3:00CV1860 (SRU) |
| vs. ) | |
| ) | |
| R.H. BOYD PUBLISHING CORPORATION ) | |
| ) | NOVEMBER 21, 2003 |

### MOTION TO QUASH SUBPOENA DUCES TECUM AND MOTION FOR PROTECTIVE ORDER

The Defendant, R.H. Boyd Publishing Corporation, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, respectfully moves the Court to quash a subpoena duces tecum dated November 18, 2003 served upon "Price & Associates"[1] a copy of which is attached as Exhibit A. In the event that the Plaintiff is ordered to produce the requested documents, the Defendant moves for a protective order in order that such production be made under certain conditions. In support of this motion, the Defendant represents as follows:

---

[1] Price & Associates is no longer in existence and this subpoena was served on Price, CPA's which is **NOT** a successor to Price & Associates and does not have the records in question.

1.	The proposed Deponent, Price & Associates is an accounting firm that is no longer in existence.

2.	The subpoena duces tecum, a copy of which is attached hereto as Exhibit A, is dated November 18, 2003.

3.	The subpoena duces tecum is a document production request that Price & Associates produce "Any and all documents with regard to the taxes prepared for R.H. Boyd Publishing Company for the tax years 1999 and 2000". Notwithstanding that the Plaintiff did not serve Price & Associates which no longer exists, the company served does not possess the requested records or have access to them.

4.	As this Court is well aware from prior pleadings in this matter, this case involves a year 2000 conversion of company data and damages which the Defendant corporation alleges to have suffered in its counterclaim as the result of the Plaintiff's failure of the Plaintiff to cause data to be accurately converted to the replacement software and the failure of the replacement software to accurately and properly function.

5.	What is not an issue in this case is information contained within corporate tax returns and tax records. The sources of income of the Defendant,

- 2 -

and whether or not the corporation made or lost money as the result of damages caused by the Plaintiff or any other financial matters disclosed by the tax returns are not an issue in this case.

6.  Rule 26(b)(1) provides that a party may obtain discovery provided the object of the document or thing to be discovered or produced is relevant to the claim or defense of the party, is not privileged and is reasonably calculated to lead to the discovery of admissible evidence. The Defendant fails to see how information contained in corporate tax returns and tax records are either relevant to the Plaintiff's claim, relevant to the defense of the counterclaim, or would lead to admissible evidence. The issue is the damages suffered by the Defendant corporation, which the Defendant has specified consists of: accounting fees, IRS penalties for late filing of returns, overtime labor costs, temporary labor costs, additional payroll for reconstructing company records. Nothing contained within the corporate tax return can be remotely relevant to the damages claimed to have been suffered by the company, nor lead to admissible evidence in this case. There can be no other purpose to this request other than to harass and annoy the Company.

**The Law**

- 3 -

While it is a recognized proposition that discovery under the Federal Rules of Civil Procedure are to be broadly construed, as has been noted above, the discovery request must bear upon the matters in dispute or at least may reasonably lead to other matters that could bear upon the case. Yancey v. Hooten, 180 F.R.D. 203, 207 (D. Conn. 1998), and the cases cited therein; Coppola v. Arrow Financial Services, LLC, 2002 WL 3217304 (D.Conn.) (copy attached).

The Plaintiff in this case has requested production of a particular category of document, personal tax returns.

> The decision whether to allow discovery of federal income tax returns involves a conflict between two important competing interests: the taxpayer's privacy expectations and the policy favoring broad and liberal pretrial discovery.

Gattegno v. Pricewaterhousecoopers, LLP, 205 F.R.D. 70, 71 (D.Conn. 2001). Personal income tax returns are protected by a "qualified privilege". The case of Cooper v. Hallgarten & Co., 34 F.R.D. 482 (S.D.N.Y., 1964) established a test for disclosure of tax information by holding that such information should not be disclosed absent a clear showing that the information is relevant to the subject matter of the action and that the information is not available through other means. *Id.* at 484. Courts in this District have adopted this test known as the Cooper test

- 4 -

and held that tax returns are discoverable if: "(1) it clearly appears they are relevant to the subject matter of the action or to the issues raised thereunder, and (2) there is a compelling need therefor because the information contained therein is not otherwise readily obtainable." Gattegno v. Pricewaterhousecoopers, *supra*. at 73.

**Conclusion**

The Plaintiff has as yet made absolutely no showing of relevancy or that the information that the Plaintiff seeks cannot be obtained from the company itself, assuming that it is relevant at all. As yet, the Plaintiff has merely served a deposition notice requesting the documents. Absent a showing as required under the Cooper test, the Defendant moves that the deposition as to the production of the tax returns be quashed. Further, in the event that this Court should order production of the documents, the Defendant requests a protective order issue such that only such information that is determined to be relevant to this action be disclosed.

The undersigned counsel hereby certifies that he has in good faith attempted to confer with Plaintiff's counsel to revolve the dispute and been unable to do so, and action by this Court is required.

THE DEFENDANT

- 5 -

By _____
Mark E. Block for O'Brien, Shafner,
Stuart, Kelly & Morris, P.C.
ct 06557

- 6 -

LAW OFFICES • O'BRIEN, SHAFNER, STUART, KELLY & MORRIS, P.C.
P.O. BOX 310 • NORWICH, CONNECTICUT 06360 • 860-889-3855 • FAX: 860-886-6352 • JURIS NUMBER 412176

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been faxed and mailed, postage prepaid on this 21st day of November 2003 to the following:

Jacques J. Parenteau, Esquire
Madsen, Prestley & Parenteau, LLC
111 Huntington Street
P. O. Box 1631
New London, CT  06320

Mark E. Block for O'Brien, Shafner,
Stuart, Kelly & Morris, P.C.
ct 06557

- 7 -

# Issued by the
# UNITED STATES DISTRICT COURT

_____ DISTRICT OF _____

Middle District of Tennessee

CCi, Inc.

V.

R.H. Boyd Publishing Co.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] 3:00 CV 1860 (SRU)
District of Connecticut

TO: Record Keeper, Price & Associates, 3813 Cleghorn Avenue, Nashville, TN 37215

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents with regard to State and Federal Tax Returns prepared for R.H. Boyd Publishing Co. for the years 1999 and 2000.

| PLACE  Cleeton Davis Court Reporters, Suite 825, 200 Fourth Avenue North, Nashville, TN 37219 | DATE AND TIME  10:00 a.m.  12/10/03 |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* — Attorney for Plaintiff | DATE  11/18/03 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jacques J. Parenteau, 111 Huntington St., New London, CT 06320 (860)442-2466

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT A**

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.