FILED

2003 NOV 24 P 12: 33

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CCI, INC. ) | CIVIL ACTION NO. |
| ) | 3:00CV1860 (SRU) |
| vs. ) | |
| ) | |
| R.H. BOYD PUBLISHING CORPORATION ) | |
| ) | NOVEMBER 21, 2003 |

## MOTION TO QUASH NOTICE OF DEPOSITION
## AND MOTION FOR PROTECTIVE ORDER

The Defendant, R.H. Boyd Publishing Corporation, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, respectfully moves the Court to quash a Notice of Deposition dated October 28, 2003 a copy of which is attached as Exhibit A and any related subpoena issued therewith. In the event that the Plaintiff is ordered to produce the requested documents, the Defendant moves for a protective order in order that such production be made under certain conditions. In support of this motion, the Defendant represents as follows:

1. The Deponent, Phillip Hull is an accountant formerly employed by Price & Associates[1], accountants for the Defendant.

---

[1] Price & Associates is no longer in business.

2. The Notice of Deposition, a copy of which is attached hereto as Exhibit A, is dated October 28, 2003, for a deposition scheduled in Nashville, Tennessee on December 10, 2003.

3. The Notice of Deposition contains a document production request that Mr. Hull produce "Any and all documents with regard to the taxes prepared for R.H. Boyd Publishing Company for the tax years 1999 and 2000. Mr. Hull is no longer employed by Price & Associates and does not possess the requested records or have access to them.

4. As this Court is well aware from prior pleadings in this matter, this case involves a year 2000 conversion of company data and damages which the Defendant corporation alleges to have suffered in its counterclaim as the result of the Plaintiff's failure of the Plaintiff to cause data to be accurately converted to the replacement software and the failure of the replacement software to accurately and properly function.

5. What is not an issue in this case is information contained within corporate tax returns and tax records. The sources of income of the Defendant, and whether or not the corporation made or lost money as the result of damages

- 2 -

caused by the Plaintiff or any other financial matters disclosed by the tax returns and related financial records are not an issue in this case.

6.   Rule 26(b)(1) provides that a party may obtain discovery provided the object of the document or thing to be discovered or produced is relevant to the claim or defense of the party, is not privileged and is reasonably calculated to lead to the discovery of admissible evidence. The Defendant fails to see how information contained in corporate tax returns and tax records are either relevant to the Plaintiff's claim, relevant to the defense of the counterclaim, or would lead to admissible evidence.  The issue is the damages suffered by the Defendant corporation, which the Defendant has specified consists of: accounting fees, IRS penalties for late filing of returns, overtime labor costs, temporary labor costs, additional payroll for reconstructing company records.  Nothing contained within the corporate tax return can be remotely relevant to the damages claimed to have been suffered by the company, nor lead to admissible evidence in this case.  There can be no other purpose to this request other than to harass and annoy the Company.

LAW OFFICES • O'BRIEN, SHAFNER, STUART, KELLY & MORRIS, P.C.
P.O. BOX 310 • NORWICH, CONNECTICUT 06360 • 860-889-3855 • FAX: 860-886-6352 • JURIS NUMBER 412176

**The Law**

While it is a recognized proposition that discovery under the Federal Rules of Civil Procedure are to be broadly construed, as has been noted above, the discovery request must bear upon the matters in dispute or at least may reasonably lead to other matters that could bear upon the case. Yancey v. Hooten, 180 F.R.D. 203, 207 (D. Conn. 1998), and the cases cited therein; Coppola v. Arrow Financial Services, LLC, 2002 WL 3217304 (D.Conn.) (copy attached).

The Plaintiff in this case has requested production of a particular category of document, personal tax returns.

> The decision whether to allow discovery of federal income tax returns involves a conflict between two important competing interests: the taxpayer's privacy expectations and the policy favoring broad and liberal pretrial discovery.

Gattegno v. Pricewaterhousecoopers, LLP, 205 F.R.D. 70, 71 (D.Conn. 2001). Personal income tax returns are protected by a "qualified privilege". The case of Cooper v. Hallgarten & Co., 34 F.R.D. 482 (S.D.N.Y., 1964) established a test for disclosure of tax information by holding that such information should not be disclosed absent a clear showing that the information is relevant to the subject matter of the action and that the information is not available through other means.

- 4 -

*Id.* at 484. Courts in this District have adopted this test known as the <u>Cooper</u> test and held that tax returns are discoverable if: "(1) it clearly appears they are relevant to the subject matter of the action or to the issues raised thereunder, and (2) there is a compelling need therefor because the information contained therein is not otherwise readily obtainable." <u>Gattegno v. Pricewaterhousecoopers</u>, *supra*. at 73.

**Conclusion**

The Plaintiff has as yet made absolutely no showing of relevancy or that the information that the Plaintiff seeks cannot be obtained from the company itself, assuming that it is relevant at all. As yet, the Plaintiff has merely served a deposition notice requesting the documents. Absent a showing as required under the <u>Cooper</u> test, the Defendant moves that the deposition as to the production of the tax returns be quashed. Further, in the event that this Court should order production of the documents, the Defendant requests a protective order issue such that only such information that is determined to be relevant to this action be disclosed.

- 5 -

The undersigned counsel hereby certifies that he has in good faith attempted to confer with Plaintiff's counsel to revolve the dispute and been unable to do so, and action by this Court is required.

THE DEFENDANT

By_____
Mark E. Block for O'Brien, Shafner,
Stuart, Kelly & Morris, P.C.
ct 06557

- 6 -

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing has been faxed and mailed, postage prepaid on this 21st day of November 2003 to the following:

Jacques J. Parenteau, Esquire
Madsen, Prestley & Parenteau, LLC
111 Huntington Street
P. O. Box 1631
New London, CT 06320

_____
Mark E. Block for O'Brien, Shafner,
Stuart, Kelly & Morris, P.C.
ct 06557

- 7 -

F:\USERS\BEH\RHBoyd\Pleadings\Motion to Quash Hull Deposition.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CCI, INC. | C.A. NO. 3:00 CV 1860 (SRU) |
| VS. | |
| R.H. BOYD PUBLISHING CORPORATION | OCTOBER 28, 2003 |

### NOTICE OF CONTINUED DEPOSITION

Please take notice that at 2:00 p.m. on Wednesday, December 10, 2003, and day to day thereafter until concluded, at the offices of Cleeton Davis Court Reporters, 200 4th Avenue North, Suite 825, Nashville, TN 37219, the plaintiff will take the deposition of Philip Hull, CPA, upon oral examination before Cleeton Davis Court Reporters, or some other officer duly authorized by law to take depositions. This deposition is being taken for the purpose of discovery or for use at trial (or both), or for such purposes as are permitted under the applicable rules and law.

FURTHERMORE, the deponent is requested to bring to the deposition the following documents for inspection and photocopying by the plaintiff:

The word "document" as used herein means:

"Document" includes, without limiting the generality of its meaning, all original (or copies where originals are unavailable) and non-identical copies (where different from original) of all written, printed, typewritten or otherwise recorded or graphic matter, however produced or reproduced, whether or not now in existence, of files, contracts, correspondence, telegrams, agreements, letters, administrative complaints, notes or sound recordings of any type of conversation, meeting or conference, minutes of directors' or committee meetings, memoranda,

**EXHIBIT A**

interoffice communications, manuals, employee handbooks, forms, catalogues, brochures, graphs, charts, studies, analyses, reports, summaries and results of investigations and tests, statements, jottings, announcements, depositions, affidavits, photographs, tape recordings, video recordings, motion pictures, reviews, statistical records, ledgers, books of accounts, vouchers, bank checks, bank statements, audit reports and other statements, purchase orders, invoices, receipts, confirmations, computer-developed, stored or produced data, e-mails, electronic data, stenographers' and/or other notebooks, desk and/or other calendars, appointment books, newspaper and/or other articles, blueprints, accounting worksheets, diaries or papers similar to any of the foregoing, however entitled, denominated or described.

If any document requested to be produced was, but is no longer in your possession or control or is no longer in existence, state whether it is: (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others, and, if so, to whom; or (4) otherwise disposed of; and in each instance, explain the circumstances surrounding and authorization for such disposition thereof and state the approximate date thereof, and state any information available to you which might be helpful in locating originals or copies of the document in question.

1.   Any and all documents with regard to the taxes prepared for R.H. Boyd Publishing Co. for the years tax years 1999 and 2000.

Dated at New London, Connecticut on this 31st day of October, 2003.

PLAINTIFF
CCI, INC.

By: _____
Jacques J. Parenteau, Federal Bar No.:09771
Madsen, Prestley & Parenteau, LLC
111 Huntington Street, P.O. Box 1631
New London, CT 06320
Telephone: (860)442-2466
Facsimile: (860)447-9206
E-Mail: jparenteau@mppjustice.com
Its Attorneys

## CERTIFICATION

I hereby certify that a copy of the foregoing Notice of Deposition was mailed, certified mail, to the following counsel and pro se parties of record on this 31st day of October, 2003:

Mark E. Block, Esq.
O'Brien, Shafner, Stuart, Kelly & Morris, P.C.
P.O. Box 310
Norwich, CT 06360

_____
Jacques J. Parenteau