FILED

2003 DEC 18 P 12: 20

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CCI, INC. ) | CIVIL ACTION NO. |
| ) | 3:00CV1860 (SRU) |
| vs. ) | |
| ) | |
| R.H. BOYD PUBLISHING CORPORATION ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL
ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**

The Plaintiff CCI, Inc. ("CCI") and the National Baptist Publishing Board ("NBPB") entered into a contract pursuant to which CCI was to install MXP software for the NBPB, convert all data from the NBPB's existing WDSII software to the MXP Software and train the NBPB's personnel in the use of the MXP Software; the NBPB was to pay CCI for the installation, conversion and training. The Defendant R.H. Boyd Publishing ("Boyd") is the successor to the NBPB. CCI brought this suit alleging Boyd's failure to pay for the services rendered by CCI; Boyd filed a counterclaim alleging that the MXP software did not function, that CCI did not train Boyd's personnel in the use of the MXP Software, and that it suffered damages as a result.

LAW OFFICES • O'BRIEN, SHAFNER, STUART, KELLY & MORRIS, P.C.
P.O. BOX 310 • NORWICH, CONNECTICUT 06360 • 860-889-3855 • FAX: 860-886-6352 • JURIS NUMBER 412176

On January 2, 2001, Boyd served its First Set of Interrogatories and Request for Production on CCI, a copy of which is attached hereto as Exhibit A. In the Interrogatories, Boyd requested the following:

> "14. State each date on which CCI performed services pursuant to the Sales Agreement, including but not limited to: software installation and training."

This request should be allowed because, although CCI initially objected to the aforesaid Interrogatory, CCI subsequently agreed to provide Boyd with the requested information. The requested information will provide Boyd with a complete list of all dates when CCI claims its personnel provided services under the contract which might provide information pertinent to Boyd's allegations in its counterclaim.

> "15. Identify each person performing the services listed in the response to Interrogatory 14...."

This request should be allowed because, although CCI initially objected to the aforesaid Interrogatory, CCI subsequently agreed to provide Boyd with the requested information. The requested information will provide Boyd with a complete list of all CCI personnel who are claimed to have provided services under the contract and who might therefore have information pertinent to Boyd's allegations in its counterclaim.

> "17. Identify each person who performed the work which is the subject of each modification, the nature of the work performed and the date of performance."

This request should be allowed because, although CCI initially objected to the aforesaid Interrogatory, CCI subsequently agreed to provide Boyd with the requested information. The requested information will provide Boyd with a complete list of all CCI personnel who are claimed to have provided services under the contract and who might therefore have information pertinent to Boyd's allegations in its counterclaim.

In the Requests for Production, Boyd requested the following:

> "10. All documents referring to, relating to or constituting MXP Status Reports."

This request should be allowed because, although CCI initially objected to the aforesaid Request for Production, it subsequently agreed to provide Boyd with the requested production. The requested production will provide Boyd with a complete record of all work CCI claims to have performed under the contract as it relates to Boyd's counterclaim.

To date, CCI has not provided the documents requested in the aforesaid Interrogatories and Request for Production, despite repeated requests from Boyd for same. The discovery

process in this case must be completed no later than January 1, 2004, pursuant to the order of this Court on August 8, 2003.

Based upon the foregoing, Boyd hereby moves this Court (1) for an order compelling CCI to produce in printed form (a) a list of all CCI employees working pursuant to the contract with Boyd and what each such employee did in connection with said contract, (b) a list of all dates on which CCI performed its services for Boyd pursuant to the contract, and (c) all documents in connection with the MXP software installation status reports; (2) for an order awarding Boyd its reasonable expenses and attorney's fees incurred in connection with CCI's refusal to provide

said information in an amount not less than $750; and (3) for any other appropriate relief.

Dated at Norwich, Connecticut this 16th day of December, 2003.

THE DEFENDANT

By _____
Mark E. Block for O'Brien, Shafner,
Stuart, Kelly & Morris, P.C.
Ct 06557