FILED

2003 DEC 18  P 12: 20

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CCI, INC. ) | CIVIL ACTION NO. |
| ) | 3:00CV1860 (SRU) |
| vs. ) | |
| ) | |
| R.H. BOYD PUBLISHING CORPORATION ) | |

### AFFIDAVIT OF COUNSEL PURSUANT TO LOCAL RULE 9

STATE OF CONNECTICUT         )
                             ) ss: Norwich, December 16, 2003
COUNTY OF NEW LONDON         )

I, Mark E. Block, Attorney for R.H. Boyd Publishing Corporation, being duly sworn, depose and state that:

1. I am the attorney for the moving party in the foregoing Motion to Compel Answers to Interrogatories and Production of Documents.

2. Prior to filing this motion, I have attempted to confer in good faith with my opponent to resolve this discovery matter without the filing of this motion and without the intervention of the court.

3. In particular, and most recently, I have had my associate, Attorney Meredith E. Russell, send letters to Attorney Jacques J. Parenteau dated October 29, 2003 and

November 15, 2003 requesting the outstanding discovery; and my office received Attorney Parenteau's voicemail on November 11, 2003 stating that there was no more discovery that he would be replying to or producing.

4. I had a discussion with Attorney Parenteau on December 9, 2003, in which we discussed outstanding discovery issues and were unable to resolve the above matter.

Date: December 16, 2003

_____
Mark E. Block

Subscribed and sworn to before me this 16th day of December, 2003.

_____
Notary Public Carla D. Lee
My commission expires: 9/30/07

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CCI, INC. ) | CIVIL ACTION NO. |
| ) | 3:00CV1860 (SRU) |
| vs. ) | |
| ) | |
| R.H. BOYD PUBLISHING CORPORATION ) | |

**DEFENDANT'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION**

The Defendant, R.H. Boyd Publishing Corporation, in the above-entitled action hereby requests, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, that the Plaintiff, CCI, Inc., answer the following interrogatories and request for production.

**I. INSTRUCTIONS**

A.  In accordance with D. Conn. L. Civ. R. 9(d)(1), if a claim of privilege or work product protection is asserted in response to any of the following requests for production of documents, Plaintiff, CCI, Inc. shall provide the following information in the form of a privilege log as to all such documents (other than as to written communications between Plaintiff CCI, Inc. and its trial counsel after

commencement of the action and the work product materials created after commencement of the action):

    (1)    the type of document;

    (2)    the general subject matter of the document;

    (3)    the date of the document;

    (4)    the author of the document; and

    (5)    each recipient of the document.

B.    If any document called for by any of the following requests is lost or been destroyed, identify the document in writing in as much detail as possible and state the circumstances under which it was lost or destroyed. Additionally, all persons having, at any time, possession, custody, or control of such document, or copy thereof, and all persons having any knowledge of the circumstances referred to in the immediately preceding sentence shall be identified in writing, by name, title, if applicable, home and business telephone numbers.

## II. DEFINITIONS

1. **"And"** or **"or"** shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The singular includes the plural and the plural includes the singular.

2. **"Communication"** means every manner or means of disclosure, transfer, and exchange of information, and every disclosure, transfer, and exchange of information, including, but not limited to, any disclosure, transfer, and exchange of information made orally or in writing, in person or by telephone, by other electronic or mechanical means, mail, personal delivery, or otherwise. "Communication" includes any internal communications such as notes, memoranda, correspondence, or other documents prepared by or for any person for his, her, or its files or other internal use.

3. **"Complaint"** means CCI, Inc.'s Complaint in this action dated and filed on August 22, 2000.

4. **"Identify"** or **"State"** means when used in reference to:

    (a) a natural person - his:

- 3 -

    (1) full name;

    (2) residential address;

    (3) present or last known business address;

    (4) position, business affiliation and job description at the time in question, with respect to the interrogatory involved; and

    (5) if applicable, his "business" name or d/b/a and the geographic area in which he does business under that name.

  (b) a corporation - its:

    (1) full name;

    (2) state of incorporation;

    (3) address of its principal place of business; and

    (4) types of business in which it is engaged.

5. "**Identify**" or "**State**" or "**Describe**" when referring to a document (as hereinafter defined) means that you must provide the author or originator, the addressee or addressees (if any), the date indicated on the document as being the date thereof or the date (as exactly as possible) upon which the document was

- 4 -

written or executed if no date is shown upon it, a description of the type of document, (e.g., the letter, handwritten notes, etc.), the number of pages, the title (if any), and identification number, the present location and custodian of the original thereof, or if unknown, the present custodian, the manner and date of disposition of any document which was but no longer is in your possession or subject to your control and a short summary of the contents thereof.

6. **"Identify"** or **"State"** or **"Describe"** when referring to a telephone conversation means that you must provide the name of the caller and the recipient, stating which was which, the name of any other person who was a party to the conversation, the location of each at the time the call was made, the date of the conversation, and a short summary of the substance of the conversation.

7. **"Identify"** or **"State"** or **"Describe"** when referring to a meeting or a conversation other than by telephone, means that you shall provide the date and location of the meeting or conversation, the names of the persons present at anytime during such meeting or conversation, the name of the person who

- 5 -

originated or initiated the meeting or conversation, the author or maker and addressee of any statement, question or remark made during the meeting or conversation and the substance of any such statement, question or remark.

8.  **"Document"** means any written, recorded or graphic matter however produced or reproduced, including but not limited to, correspondence, telegrams, memoranda, minutes of any meetings, meeting agendas, reports, notes, schedules, tabulations, projections, checks, statements, returns, receipts, work papers, financial calculations and representations, accounting and diary entries, invoices, inventory sheets, ledgers, journals, trial balances, contracts, agreements, offers, notations of any sort of conversations, analyses, calendars, tape recordings, bulletins, printed matter, computer printouts, computer software, computer databases, electronic storage media, CD-ROMs, diskettes, electronic mail, voice mail, microfiche, microfilm, memory chips, teletypes, facsimile, photographs, and all other writings and recordings whether or not claimed to be privileged, in the possession, custody or control of an of the Defendants Rose, their respective present or former employees, counsel, agents, representatives, and all persons

acting or purporting to act on their behalf. *"Document" includes the original and all drafts and copies which differ in any respect from the original*.

9. **"CCI"** means the Plaintiff CCI, Inc.

10. **"Boyd"** means both the R. H. Boyd Publishing Company and the National Baptist Publishing Board.

11. **"Person"** means a natural person, partnership, corporation, association, group, governmental or political entity or subdivision, organization, joint venture, team or group of natural persons.

12. **"Relating to"** means concerning, referring to, alluding to, responding to, in connection with, commenting upon, about, announcing, regarding, relevant to, explaining, discussing, showing, evidencing, describing, reflecting, analyzing, or involving.

13. **"Sales Agreement"** shall mean that certain agreement between CCI and Boyd dated on or about December 10, 1998 and all additions and modifications thereto.

- 7 -

## A. INTERROGATORIES

1. State your full name, home address, business address, and position with CCI.

2. Identify each individual who assisted in the preparation of the responses to these interrogatories.

3. Identify each individual who participated in the negotiation of the Sales Agreement on behalf of CCI.

4. Identify each individual who participated in the negotiation of the Sales Agreement on behalf of Boyd.

- 8 -

5. Identify each individual who has any knowledge of the facts alleged or claims asserted by CCI.

6. State the number of years in which CCI has engaged in business.

7. State the nature of the business in which CCI is engaged.

8. State the number of years in which CCI has been selling MXP Application Software.

9. Identify each individual at Foresight Software, Inc. with whom CCI had a communication concerning the MXP Application Software installed at Boyd pursuant to the Sales Agreement.

- 9 -

10. As to each such individual identified in Interrogatory 9, state:

    a. The date of each such communication.

    b. The method of communication.

    c. The person at CCI who participated in the communication.

    d. The subject matter of the communication.

11. Identify each person to whom CCI has sold MXP Application Software between January 1, 1997 as of the date of response to these Interrogatories.

12. Identify each CCI customer between January 1, 1997 and the date of response to these interrogatories who has refused to pay CCI for its services or software purchased.

- 10 -

13.   As to each such customer identified in response to Interrogatory 12, if CCI has commenced a law suit to collect a balance due for services or software purchased, provide the name of the case, court in which the case is filed and docket number.

14.   State each date on which CCI performed services pursuant to the Sales Agreement, including but not limited to: software installation and training.

15.   Identify each person performing the services listed in response to Interrogatory 14.

16.   Identify each modification or addition to the Sales Agreement.

- 11 -

17. Identify each person who performed the work which is the subject of each modification, the nature of the work performed and the date of performance.

18. Identify the person or persons at CCI who participated in or was responsible for the decision to recommend MXP Application Software to Boyd.

19. State the total amount charged by CCI to Boyd for its work.

20. State the date and amount of each payment made by Boyd to CCI.

- 12 -

21.    State the amount that CCI claims is due from Boyd.

**B.    PRODUCTION**

1.    The signed Sales Agreement between Boyd and CCI including all additions and modifications thereto.

2.    All Documents referring to, relating to or constituting agreements between CCI and Foresight Software, Inc. for the sale of MXP Application Software.

3.    All Documents constituting Communications between CCI and Boyd.

4.    All Documents constituting Communications between CCI and Foresight Software, Inc. referring to or relating to the MXP Application Software installed at Boyd.

5.    All Documents constituting Communications between CCI and any customer identified in response to Interrogatory No. 12.

6.    All pleadings filed by any party to any law suit identified in response to Interrogatory No.13, including all non-privileged Documents filed or produced in connection with each such law suit.

7.    All Documents referring to or relating to CCI's performance of its work under the Sales Agreement.

- 13 -

    8.    All Documents referring to, relating to or constituting complaints from Boyd as to the performance of the MXP Application Software.

    9.    All Documents referring to or relating to the system crash of May 1st and 2nd, 2000.

    10.    All Documents referring to, relating to or constituting "MXP" Status Reports.

THE DEFENDANT

By_____
Mark E. Block for O'Brien, Shafner,
Stuart, Kelly & Morris, P.C.
ct 06557

- 14 -

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been mailed, postage prepaid on this _2nd_ day of January, 2001 to the following:

Jacques J. Parenteau, Esquire
Madsen, Prestley & Parenteau, LLC
P. O. Box 1631
New London, CT 06320
Counsel for CCI, Inc.

_____
Mark E. Block for O'Brien, Shafner,
Stuart, Kelly & Morris, P.C.
ct 06557

- 15 -
M:\RHBoyd\Pleadings\Defendant's Interrogatories and Production.wpd
December 22, 2000

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been mailed by first-class mail, postage prepaid on this 16th day of December, 2003, to the following:

Jacques J. Parenteau, Esquire
Madsen, Prestley & Parenteau, LLC
P. O. Box 1631
New London, CT 06320
Counsel for CCI, Inc.

Mark E. Block for O'Brien, Shafner, Stuart, Kelly & Morris, P.C.
ct 06557

Mer\Litigation\RHBoyd\MotionMemoAffidavitCompelResponseDiscovery