# MADSEN, PRESTLEY & PARENTEAU, LLC

*Representing Individuals in Employment and Benefits Law and Litigation*

FILED
2004 JAN 15 P 12: 09
US DISTRICT COURT
BRIDGEPORT CT

Attorneys At Law
Hartford • New London

111 Huntington Street
P.O. Box 1631
New London, Connecticut
06320
Telephone: (860) 442-2466
Facsimile: (860) 447-9206

*Jacques J. Parenteau*
jparenteau@mppjustice.com

December 8, 2003

<u>VIA FAX</u> – (203) 579-5704

The Honorable Stephan R. Underhill
U.S. District Court
915 Lafayette Boulevard
Bridgeport, CT 06604

    Re:    *CCi, Inc. v. R.H. Boyd Publishing Corporation*
           C.A. No. 3:00 CV 1860 (SRU)

Dear Judge Underhill:

    I am writing in response to Defendant's Memorandum dated December 3, 2003, regarding the motion to quash the deposition notice for Dr. T. B. Boyd. As has been defendant's method of operation in this case, defendant broadly claims that information was known by CCI, but does not provide the specifics. I am compelled to point out that defendant has misrepresented the facts concerning the timing of facts known to CCI regarding the general ledger. While defendant has claimed an inability to produce reliable reports, defendant did not provided documented evidence of this claim until May of 2002, at the commencement of the process of identifying documentary evidence to support defendant's claim that the MXP software was defective for mediation. Plaintiff was presented with trial balance documents printed in February and March of 2000, along with other reports that were alleged to represent evidence of defective software, when Walter Grant and Debra Holt traveled to Connecticut in May of 2002 to produce those documents as part of the process of identifying issues for the jointly hired expert, John Chassels. Defendant was supposed to have provided this documentation in response to plaintiff's document requests prior to the deposition of Walter Grant that took place in December of 2001, but did not do so. While it is true that Walter Grant and Phillip Hull testified to an alleged inability to create reliable financial records in December of 2001, defendant did not produce documents that defendant asserted reflected this claim for the general ledger until May of 2002. In preparation for the mediation, plaintiff discovered there was $35.79 error

Page Two
December 8, 2003
The Honorable Stephan Underhill

in the trial balance document stemming from the conversion process. That error was not caused by a defect in the software, but was likely caused by a brief power interruption causing a bit of data to be duplicated. The existence of this out of balance problem was never communicated to CCI in 2000. Once the problem was identified to CCI in the mediation process, it took 1.5 hours to research and solve the problem. Contrary to defendant's assertion, plaintiff does not admit that there was any fault in the conversion or the software. Additionally, defendant claims that the plaintiff should have "closely examined" the conversion of data from MXP at an earlier date. Plaintiff is referring to the conversion of data from MXP to MAS 90, the software that replaced MXP. There was no prior opportunity to examine this issue closely because the reference to converting MXP data appears in the records of defendant's new vendor, Automated Accounting, whose deposition is set for December 9, 2003. Finally, plaintiff has not been dilatory in its discovery responses, the items defendant refers to were objected to, discussed and resolved. All the information plaintiff has agreed to provide is in the possession of the defendant.

Very truly yours,

Jacques J. Parenteau   (VAW)

JJP/vaw
cc: Mark Block, Esq. (via fax 886-6352)